# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 11, 2021

Lyle W. Cayce
Clerk

No. 20-60485
Summary Calendar

Maswin Sukotjo,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096 274 197

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Maswin Sukotjo, a native and citizen of Indonesia, petitions for review of the denial of his February 2020 motion for reconsideration and reopening, which the Board of Immigration Appeals (BIA) denied in May 2020. He argues only that the BIA abused its discretion by (1) failing to address

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60485

equitable tolling arguments that he made exclusively in a July 2019 motion to reopen, which the BIA denied in January 2020, and (2) denying the July 2019 motion.

Sukotjo's June 2020 petition for review was timely only with respect to the BIA's May 2020 decision. *See* 8 U.S.C. § 1252(b)(1). Satisfying the deadline for filing a petition for review is mandatory and jurisdictional. *Stone v. INS*, 514 U.S. 386, 405-06 (1995). Since Sukotjo did not raise any equitable tolling arguments in the February 2020 motion presently under review, and since he did not timely petition for review of the BIA's January 2020 decision, we lack jurisdiction to consider his arguments. *See Kane v. Holder*, 581 F.3d 231, 237 & n.14 (5th Cir. 2009).

Sukotjo does not identify any error in the BIA's denial of his February 2020 motion for reconsideration and reopening. Accordingly, he has waived any argument that the BIA erred in denying that motion by failing to brief it adequately. *See Sharma v. Holder*, 729 F.3d 407, 411 n.1 (5th Cir. 2013).

The petition for review is DISMISSED IN PART for lack of jurisdiction and DENIED IN PART.